UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAREN DENISE PRICE, individually and as executor and sole beneficiary of the Estate of Dennis H. Buie,<br><br>      Plaintiff,<br><br>    -against-<br><br>FCI LENDER SERVICES, et al.,<br><br>      Defendants. | 1:25-CV-10035 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Karen Denise Price, who currently resides in a hotel in Duluth, Georgia, brings this action *pro se*, asserting claims for damages, injunctive relief, and declaratory relief under: (1) the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) the Securities and Exchange Act; (3) the Fair Debt Collection Practices Act; (4) the Truth in Lending Act; (5) the Real Estate Settlement Procedures Act ("RESPA"); (6) 42 U.S.C. § 1983; (7) 42 U.S.C. § 1985; (8) the Americans with Disabilities Act; (9) the Fair Housing Act; (10) the Lanham Act; and (11) state law. Plaintiff names 50 defendants. She seeks to proceed *in forma pauperis* ("IFP") (ECF 2), and has filed "emergency motions" seeking a temporary restraining order and declaratory relief (ECF 5-7). Plaintiff's claims arise from the conveyance of real property located in Atlanta, Georgia.[1]

---

[1] Because Plaintiff's complaint reveals the complete Social Security number of another person, the Court has directed the Clerk of Court to restrict electronic access to the complaint. *See* Fed. R. Civ. P. 5.2(a)(1) (court submissions may only refer to a Social Security number by revealing the last four digits of that number). The Court construes Plaintiff submissions filed on December 4, 2025 (ECF 9 & 10) as supplements to the complaint.

For the reasons set forth below, the Court transfers this action to the United States District Court for the Northern District of Georgia.

## DISCUSSION

Under the venue provision for civil claims under RICO, such claims "against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs."[2] 18 U.S.C. § 1965(a). Civil claims under RESPA can be brought in "the district in which the property involved is located, or where the violation is alleged to have occurred." 12 U.S.C. § 2614. The applicable venue provision for the remainder of Plaintiff's civil claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[3] § 1391(c)(1), (2).

---

[2] The term "person" is defined by RICO as including "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3).

[3] With respect to a defendant that is a corporation, for venue purposes:

in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the

Of the 50 defendants named, Plaintiff does not clearly show that all of them are found, have an agent, or transact their affairs within this judicial district.[4] While *some* of the defendants may indeed be found, have an agent, or transact their affairs within this judicial district, it seems clear that *all* of them are found, have an agent, or transact their affairs in Atlanta, Georgia, which lies within the Northern District of Georgia. *See* 28 U.S.C. § 90(a)(2). Thus, while it is not clear that this court is a proper venue for all of Plaintiff's civil claims under RICO, it is clear that the United States District Court for the Northern District of Georgia is a proper venue for such claims. *See* § 1965(a).

With respect to Plaintiff's civil claims under RESPA, it is clear that the property at issue is located in Atlanta, Georgia, within the Northern District of Georgia, and it would appear that most, if not all, of the alleged RESPA violations occurred within that judicial district. Thus, while is not clear that this court a proper venue for Plaintiff's claims under RESPA, it is clear that the United States District Court for the Northern District of Georgia is also a proper venue for such claims. *See* § 2614.

As to Plaintiff's remaining claims, for which the applicable venue provision is found at Section 1391, while at least one of the defendants may indeed reside within this judicial district, it is clear that not all of them reside within State of New York. Thus, under Section 1391(b)(1), this court is not a proper venue for Plaintiff's remaining claims.

---

most significant contacts.
28 U.S.C. § 1391(d).

[4] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

Plaintiff alleges that the property at issue is located in Atlanta, Georgia, and that a substantial portion of the alleged events occurred there as well; she does not allege that a substantial portion of the alleged events occurred within this judicial district. Thus, under Section 1391(b)(2), while it is not clear that this court is a proper venue for Plaintiff's remaining claims, it is clear that the United States District Court for the Northern District of Georgia is a proper venue for such claims.

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action because the property at issue is located; the defendants are all either found, have an agent, or transact their affairs; and a substantial portion of the alleged events have occurred, in the Northern District of Georgia, and it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Northern District of

4

Georgia, which is a proper venue for all of Plaintiff's claims, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of Georgia. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. This Court also defers to the transferee court as to whether to grant Plaintiff the immediate relief she seeks. (*See* ECF 5-7.) Summonses shall not issue from this court. This order closes this action in this court and, therefore, the Court also directs the Clerk of Court to terminate any motions pending in this court with respect to this action.

The Court further directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of Georgia immediately upon entry of this order; the Court waives the seven-day waiting period articulated in Local Civil Rule 83.1.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  December 4, 2025
        New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge